UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
NATIONAL COMMITTEE TO PRESERVE
SOCIAL SECURITY AND MEDICARE and
MEDICARE RIGHTS CENTER, and JAMES
MOKELER, on behalf of Medicare,

       Plaintiffs,

       **MEMORANDUM & ORDER**

- against -       08 CV 2021 (RJD)

PHILIP MORRIS USA INC., R.J. REYNOLDS
TOBACCO CO., individually and as successor by
merger to Brown & Williamson USA, Inc., and The
American Tobacco Co., LORILLARD TOBACCO
CO., and LIGGETT GROUP, LLC,

       Defendants.
------------------------------------X
DEARIE, Chief Judge.

Plaintiffs move pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York for reargument and reconsideration of this Court's decision to dismiss their complaint. See Nat'l Comm to Preserve Social Security, et al. v. Philip Morris USA, __ F. Supp. 2d __, 2009 WL 590573 (E.D.N.Y. March 5, 2009) (the "March 5 Order").

## DISCUSSION

A.  Legal Standards

Rule 59 and Local Civil Rule 6.3 are "to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered." New York v. United Boatmen of New York, Inc., No. 08-CV-2503 (CPS), 2009 WL 962250, *2 (E.D.N.Y. Apr. 7, 2009). The motion for reconsideration "is not an 'opportunity for making new arguments that could have been previously advanced,' nor is it a substitute for appeal." Gibson v. Cmm'r of

Mental Health, No. 04-CV-4350 (SAS), 2009 WL 331258, *2 (S.D.N.Y. Feb. 11, 2009) (internal citations omitted). The question of reconsideration "is within the sound discretion of the district court," Patterson v. United States, No. 04-CV-3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006), and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Grancio v. DeVecchio, No. 06-CV-0069 (FB), __ F. Supp. 2d __, 2009 WL 902096, *1 (E.D.N.Y. March 27, 2009) (*quoting* Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir .1995)). The "reassertion of arguments previously made and addressed by [the] Court does not constitute a ground upon which reconsideration may be granted." United Boatmen, 2009 WL 962250 at *2.

B. Application to Plaintiffs' Motion

Plaintiffs assert that the March 5 Order "overlooks at least two critical points" (Plfs' Mem. in Supp. at 1), *viz.*, (1) that "the March 5 Order misapprehends the arguments [plaintiffs] offered in the alternative concerning the 'demonstration' of a responsibility to pay a Medicare beneficiary's medical bills under the MSP," and (2) that "by focusing on the statute's 'demonstration' clause," the March 5 Order "overlooks other critical provisions of the statute," in particular, "the key MSP enforcement provisions subrogating the Government to the rights of a Medicare beneficiary" as well as "the provision empowering the Government to sue insurers or self-insurers directly" (Plfs' Mem. in Supp. at 1-2). Plaintiffs also assert that "[t]he March 5 Order misapprehends the structure of [plaintiffs] argument," and that, "contrary to what the Order states, [plaintiffs] do not accept the premise that we offered a 'compromise position,' urging a form of litigation under MSP that 'comports with the spirit, if not the letter, of the

state'" (Plfs' Mem. in Supp. at 2) (*quoting* the March 5 Order at 6). Finally, plaintiffs submit as "supplemental authority" a March 2009 decision from the Eastern District of Virginia addressing whether 25 U.S.C. § 292, which prohibits false patent marking, is a *qui tam* statute.

Simply stated, plaintiffs reargument papers do not identify any legal or factual considerations that the Court overlooked or failed to consider in issuing the March 5 Order: (1) the Order's focus on the "demonstration" requirement, although questioned by plaintiffs now, mirrors the focus of the statutory issue as framed and argued by the parties; (2) the other matters alleged to have been overlooked were, in fact, addressed by the parties in their extensive briefs and plenary oral presentations—and, fully considered; (3) plaintiffs' protest against the Court's characterization of their position is not a cognizable ground for reconsideration; and (4) the supplemental authority relates solely to an issue that, as the March 5 Order announced, the Court did not need to reach. In short, whatever may be the ultimate appellate fate of the March 5 Order, plaintiffs have not shown a basis for re-arguing here the motions that the Order decides, or for re-visiting the admixture of statutory, jurisprudential and policy considerations from which it was distilled.

## CONCLUSION

Accordingly, plaintiffs' motion for reargument and reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
April 2⁵, 2009

s/ Judge Raymond J. Dearie

───────────────────────────
RAYMOND J. DEARIE
Chief United States District Judge